**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-4566**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANTAI MONIQUE SHELTON, a/k/a Tai, a/k/a Lady Blaze, a/k/a Boss Lady,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Michael F. Urbanski, Chief District Judge.  (3:14-cr-00016-MFU-2)

─────────

Submitted:  March 21, 2023                                          Decided:  April 11, 2023

─────────

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Rhonda E. Quagliana, MICHIEHAMLETT, PLLC, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, Kari K. Munro, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Shantai Monique Shelton of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d), Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. §§ 2, 1951(a), brandishing a firearm during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), violent crimes in aid of racketeering (VICARs), in violation of 18 U.S.C. §§ 2, 1959(a)(3), discharging a firearm during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), VICARs, in violation of 18 U.S.C. §§ 2, 1959(a)(1), and tampering with a witness, in violation of 18 U.S.C. §§ 2, 1512(a)(1)(C). The district court sentenced Shelton to life imprisonment plus a consecutive prison term of 82 years. In Shelton's first appeal, this court vacated her conviction on count 27 for discharging a firearm during and in relation to a crime of violence, remanded for resentencing, and affirmed the remainder of the criminal judgment. *United States v. Mathis*, 932 F.3d 242, 267-68 (4th Cir. 2019). At resentencing on remand in October 2021, the district court sentenced Shelton to life imprisonment plus a consecutive prison term of 34 years. In this appeal of the amended criminal judgment, Shelton challenges her prison sentence, arguing that the district court erred in determining that she did not qualify for a reduction to her offense level under U.S. Sentencing Guidelines Manual § 3E1.1 for acceptance of responsibility. We affirm.

This court reviews a sentence imposed by the district court for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). When reviewing a district court's application of a Sentencing Guideline, this

2

court reviews factual findings for clear error and legal conclusions de novo. *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018). Under the clear error standard, this court "will only reverse if left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). Shelton contends that the district court erred in failing to award her credit under USSG § 3E1.1 for acceptance of responsibility because her post-conviction statements expressing remorse justified the reduction.

Under the Guidelines, a defendant is eligible for a reduction to her offense level if she "clearly demonstrates acceptance of responsibility" for her offenses. USSG § 3E1.1(a). "To earn the reduction, a defendant must prove to the [district] court by a preponderance of the evidence that [s]he has clearly recognized and affirmatively accepted personal responsibility for h[er] criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a defendant has satisfied this standard, a district court may consider, among other matters, whether the defendant truthfully admitted the conduct comprising the offenses of conviction, the defendant's post-offense rehabilitative efforts, and the timeliness of her conduct in manifesting acceptance of responsibility. USSG § 3E1.1 cmt. n.1. Although the reduction "is not intended to apply to a defendant who puts the [G]overnment to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt," proceeding to trial does not "automatically preclude" the reduction. *Id.* cmt. n.2. In "rare situations," such as when the "defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)," a reduction still may be

3

appropriate. *Id.* "In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.* Because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility," *id.* cmt. n.5, this court affords great deference to the district court's determination, *Bolton*, 858 F.3d at 915.

There is no evidence here Shelton demonstrated acceptance of responsibility prior to her trial or initial sentencing. She contested her factual guilt at trial and made no statement regarding acceptance of responsibility at initial sentencing. It was not until the case was on remand—over seven years after some of her criminal conduct and more than five years after she contested her guilt at trial—that Shelton expressed some remorse for it in a letter she wrote to the district court and in allocution she made at the resentencing hearing. According to Shelton's letter, however, at the time of her crimes and when she was first incarcerated for them, she did not care about her victims or their families; it was not until some unspecified point during her incarceration post-conviction that she reflected on her criminal conduct and its effect. The district court determined that Shelton's statements expressing remorse—although genuine—did not warrant an offense-level reduction under USSG § 3E1.1 for acceptance of responsibility. Given Shelton's conduct in expressing acceptance of criminal responsibility well after putting the Government to its factual burden of proof at trial, being convicted and sentenced, and serving part of her prison sentence, we conclude the district court did not reversibly err in determining that she did not deserve a reduction to her offense level under USSG § 3E1.1.

4

5

Accordingly, we affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*